# THE UNITED STATES OF AMERICA *vs.* GEORGE KEKAUOHA.

## November 11, 1907.

*Evidence—Witness—Privilege:*  A witness must tell what he knows, except as to privileged communications, which include those made between attorney and client, husband and wife, physician and patient, clergyman and penitent and some others including such privileged communications made in necessary presence of others, such as stenographers or interpreters, and which thereby become privileged as to them.

*Same:*  Confessions made to a clergyman are not privileged as to other officials of the church of such clergyman, who may be present for disciplinary purposes.

*Criminal Law*:  Objection to testimony.

*Antonio Perry* and *W. T. Rawlins,* for the objection.
*J. J. Dunne,* Ass't. U. S. District Attorney, opposed.

Dole, J.  In the course of the examination of witnesses for the prosecution a witness was produced who was a member of the Mormon Church at Laie who had been present at a church meeting when defendant was investigated, and it was proposed to ask him as to some admission or confession made by him on that occasion.  Preliminary to the asking of this question witness was examined as to his status as an officer of the church, at such meeting.  The defendant's counsel was allowed to cross examine on this matter, and asked the following question:—
" Q.  And under the beliefs of your church, what was said at that meeting is regarded as sacred, is it not, and should not be repeated?" to which counsel for the prosecution objected on the ground that it made no difference whether what was said

was sacred or confidential, as to the duty of the witness to testify to it, on the ground that he was not a clergyman.

The general rule is that a witness must tell what he knows. The exceptions to this rule allowed by the Hawaiian statutes include confessions made to clergymen in their professional character, according to the usages of the church to which they belong. The solution, therefore, of this matter is to be found in the answer to the question whether the witness held the position of a clergyman in the Mormon Church. His testimony was that there were four elders, or leaders, and eight or nine teachers, of which he was one. So far as the evidence goes it appears that the teachers have no authority to absolve or to excommunicate. Their status was, to some extent, in the nature of policemen to look after the interests of the community and report at the meetings of elders and teachers. He stated that an elder, or leader, receives his authority from the heads of the church at Utah, but that the teachers receive theirs from the elders or leaders here.

The evidence is scant as to the duties and powers of teachers in a church meeting, but it is clear that they have no controlling vote, if any vote at all. Apparently they are assistants in such investigation; they may be prosecutors or they may be witnesses; it is possible they may exercise some advisory functions. Nothing has appeared to show that it is necessary that they should be recipients, together with the elders, of the confessions of penitents. It is recognized that in a case of privileged communication between attorney and client a third party, who may be necessarily present as an interpreter or stenographer of the attorney, may be privileged, and an interpreter, in the case of a church meeting and confession, would, under such rule, be privileged, but no such relation exists in regard to this witness, so far as the court is informed. The court, in *Owens, Sheriff, v. Frank,* 7 Wyoming 463, said, in referring to confidential communications between Masons, "However binding an obligation may be, as between members of the same society, secret or otherwise, not to divulge to others that which may be con-

fidcntially communicated to them, such an obligation must be understood to be subject to the laws of the country, and doubtless the societies themselves recognize that such a limitation attaches to the obligation; and therefore it cannot be said that the obligation is violated when the disclosure is compelled in a court of justice in the course of the administration of the laws." Although a confession of a penitent to his clergyman is made privileged by the statute, which privilege may be regarded as desirable in the public interests, yet the extension of such privilege to those present at a meeting for disciplinary purposes, made up of a miscellaneous assembly of higher and lower officials of a church, may well be viewed with alarm as tending to transform a conservative and reasonable practice to one containing elements of interference with the administration of the laws in the nature of unnecessary obstacles thereto.

No private or social or religious obligations can dispense with that universal one which lies on every member of society to divulge all information in regard to crimes against the public interests, except as provided by law, in the recognition of certain communications which are privileged, because of the sentiment that to compel testimony under the circumsances would be of more prejudice than value to the public. These privileged communications include those made between attorney and client, husband and wife, physician and patient, clergyman and penitent and some others. These exceptions are statutory, and it is not within the power of a court, where such statutory exceptions are made, to add to them, although in England, where there is no statutory exception to the general rule, a sentiment has grown up, supported by precedents, in favor of privilege as to some of these communications.

It is evident that the witness is not a clergyman, and it is not evident that his presence was necessary to any communication that may have been made by the defendant in the nature of a confession. There is nothing to show that however necessary the presence of the teachers may have been to the trial and prosecution of this defendant at such meetings, their

presence was necessary at any confession he may have been willing to make at the termination of such investigation, and it is clear that their vote, if they had a vote, was of no consequence.

I find that the witness is not within the exceptions provided by the statutes of the Territory of Hawaii, not being a clergyman, and the objection to the question is sustained.